UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAHIM MAYANG,

    Plaintiff,                                          Civil Action No. 17-CV-12447

vs.                                                    HON. BERNARD A. FRIEDMAN

PAR GROUP, INC.,

    Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT AND TO STRIKE AFFIDAVIT OF LYNN MARTI

This mater is presently before the Court on plaintiff's motion for summary judgment [docket entry 15] and plaintiff's motion to strike the affidavit of Lynn Marti [docket entry 20]. Response and reply briefs have been filed as to both motions. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing.

This is a debt collection practices case. Plaintiff alleges that on September 8, 2015, and for some unspecified period of time thereafter, defendant, a bill collector, called him on his cell phone regarding a medical debt defendant claimed he owed. Compl. ¶¶ 9, 13, 15. Plaintiff alleges that he did not owe this debt because "the amounts claimed were covered by Medicare." *Id.* ¶ 11. Plaintiff further alleges that these calls, some of which were made using an Automated Telephone Dialing System ("ATDS"), continued despite his requests that defendant stop calling. *Id.* ¶¶ 14, 16-17. He avers that defendant called him "at least 66 times." Pl.'s Decl. ¶ 9. Additionally, plaintiff alleges that after he requested an accounting, defendant provided an "itemized bill that failed to include the notice required by 15 U.S.C. §

1692e(11)."[1]  Compl. ¶¶ 18-19.  Plaintiff asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), the Michigan Occupational Code ("MOC"), and the Michigan Regulation of Collection Practices Act ("MRCPA").

Plaintiff seeks summary judgment on all of his claims.  Under Fed. R. Civ. P. 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* dispute as to any *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).  Viewing the evidence in the light most favorable to the opposing party, summary judgment may be granted only if the evidence is so one-sided that a reasonable fact-finder could not find for the opposing party.  *See id.* at 248-50; *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478-80 (6th Cir. 1989).  In other words, "[a] material issue of fact exists where a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, could return a verdict for that party."  *Vollrath v. Georgia-Pacific Corp.*, 899 F.2d 533,

---

[1] Section 1692e lists various "false, deceptive, or misleading representations" which violate the FDCPA, including

> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

2

534 (6th Cir. 1990). "The pivotal question is whether the party bearing the burden of proof has presented a jury question as to each element of its case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

Plaintiff first argues that he is entitled to summary judgment on his FDCPA claim because defendant "admitted that the Biotech medical debt they attempted to collect from [plaintiff] was in fact not owed by him, and that the insurance company paid this debt." Pl.'s Summ. J. Br. at 14. The debt at issue in this case arose from a blood test performed by defendant's client, Biotech Laboratories, at the request of plaintiff's physician, Dr. David Rosenberg. When the bill for this test was not paid, Biotech referred the account to defendant for collection pursuant to a "debt collection agency agreement" between these parties. *See* Def.'s Ex. 5.

Plaintiff's summary judgment motion as to this claim is denied because defendant has produced evidence that it first learned that plaintiff's insurer had paid the debt on September 21, 2016, when plaintiff submitted some type of proof to this effect. *See* Def.'s Ex. 3 (Dolye Dep. p. 71) and Ex. 6 (Def.'s logs) pp. 1, 3. Upon receipt of this information, "all contact ceased with Mr. Mayang." Doyle Dep. p. 71. Apparently plaintiff himself was unsure initially whether he owed this debt. Sometime after defendant first contacted him, plaintiff "called my insurance company to confirm," and the insurer indicated that this bill was covered "[b]ecause this is part of the diabetes treatment." Pl.'s Dep. p. 68. For reasons plaintiff does not explain, he did not inform defendant of this fact. *Id.* p. 69. Nor, despite the allegation to this effect in ¶ 18 of the complaint, has plaintiff shown when or how he asked defendant to validate the debt. Plaintiff has not shown that defendant knew it was attempting to collect a non-existent debt, i.e.,

3

one that plaintiff's insurer had in fact paid. Under these circumstances, it may have been reasonable for defendant to rely on Biotech's representation that plaintiff owed the debt. *See Smith v. Transworld Sys., Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992) (noting, in affirming summary judgment for defendant bill collector, that the FDCPA "does not require an independent investigation of the debt referred for collection"). Further, plaintiff's summary judgment motion does not dispose of defendant's defense that its efforts to collect a non-existent debt were "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Plaintiff argues that defendant "admitted that there are no other policies or procedures in place beyond the text of the statutes of the FDCPA and TCPA," Pl.'s Reply pp. 3-4, but this misconstrues the testimony of defendant's representative at the cited page of his deposition. In short, plaintiff has not demonstrated his entitlement to summary judgment on his FDCPA claim.

Plaintiff next argues that he is entitled to summary judgment on his TCPA claim because defendant called his cell phone using an ATDS without his consent.[2] While defendant

---

[2] This claim is based on 47 U.S.C. § 227(b)(1), which states:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
>
> \* \* \*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio

concedes that it made calls to plaintiff's cell phone using an ATDS or prerecorded voice, it argues that no violation of the statute occurred because plaintiff consented to be called. The issue of consent is disputed. Plaintiff denies that he consented to be called, *see* Pl.'s Decl. ¶ 10, but at his deposition he testified that he provided his cell phone number when he registered as a patient with Dr. Rosenberg. Pl.'s Dep. pp. 18-20. One of the forms plaintiff signed while registering with Dr. Rosenberg is entitled "Patient Consent to the Use and Disclosure of Health Information For Treatment, Payment, or Healthcare Operations." Def.'s Ex. 1. This form contains this statement: "I understand that as a part of my treatment, payment, or health care operation, it may become necessary to disclose my protected health information to another entity, and I consent to such disclosure." *Id.* p. 1. On the second page of this form, plaintiff had the opportunity to add any restrictions to this consent, but he left this portion of the form blank. *Id.* p. 2.

---

common carrier service, or any service for which the called party
is charged for the call, unless such call is made solely to collect a
debt owed to or guaranteed by the United States . . .

Plaintiff is not entitled to summary judgment on his TCPA claim because a patient is deemed to have consented to be called by a bill collector if he discloses his cell phone number to a healthcare provider who then turns the account over to the bill collector for collection. *See Baisden v. Credit Adjustments, Inc.*, 813 F.3d 338, 346 (6th Cir. 2016) (concluding that "consumers may give 'prior express consent' under the FCC's interpretations of the TCPA when they provide a cell phone number to one entity as part of a commercial transaction, which then provides the number to another related entity from which the consumer incurs a debt"). While plaintiff claims that he withdrew his consent by telling defendant "to stop calling my cell phone the very first time I picked up the call in August of 2015," Pl.'s Decl. ¶ 6, this issue is disputed. Lynn Marti avers that she is the only PAR employee who spoke with plaintiff and that he did not state that he wanted calls to his cell phone to stop. Marti Aff. ¶ 15.[3] This factual dispute will be for the fact-finder to resolve.

Finally, plaintiff argues that he is entitled to summary judgment on his state-law claims because "the same underlying facts that support summary judgment under the FDCPA support violations of the parallel provisions of the [state statutes]." Pl.'s Summ. J. Br. p. 21. For the reasons stated above, the Court has concluded that plaintiff is not entitled to summary judgment on his federal claims. He is not entitled to summary judgment on his state-law claims for the same reasons. Accordingly,

---

[3] Plaintiff has filed a motion to strike Marti's affidavit on the grounds that it contradicts the testimony of defendant's Rule 30(b)(6) representative, David Doyle, or impermissibly "attempt[s] to create a sham fact issue." Pl.'s Br. p. 4. The Court has reviewed Doyle's deposition testimony and Marti's affidavit and finds no contradiction or "sham fact issues." Marti's affidavit does nothing more than provide additional details about defendant's procedures. Plaintiff's motion to strike her affidavit is denied.

IT IS ORDERED that plaintiff's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion to strike the affidavit of Lynn Marti is denied.

Dated: July 17, 2018　　　　　　　　　s/Bernard A. Friedman
Detroit, Michigan　　　　　　　　　　BERNARD A. FRIEDMAN
　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 17, 2018.

　　　　　　　　　　　　　　　　　　s/Johnetta M. Curry-Williams
　　　　　　　　　　　　　　　　　　Case Manager